IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

YOLANDA KING,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-351

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION, BUT DENYING PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 14. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 6),[1] and the record as a whole.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

### A. Procedural History

Plaintiff filed for SSI on January 19, 2011. PageID 225-30. She claims disability as a result of a number of alleged impairments including, *inter alia*, borderline intellectual functioning ("BIF") and an anxiety disorder. PageID 66.

After initial denials of her application, Plaintiff received a hearing before ALJ Thomas R. McNichols, II. PageID 89-122. The ALJ issued a written decision on December 18, 2012 finding Plaintiff not disabled. PageID 63-79. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since January 19, 2011, the date of her application for [SSI] (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: asthma, intermittent bilateral knee pain, obesity, diabetes mellitus, [BIF,] and an anxiety disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ["RFC"] to perform light work as defined at 20 CFR 416.967(b)[2] subject to the following additional limitations: no climbing ladders, ropes, or scaffolding; no exposure to concentrated amounts of environmental irritants; the opportunity to alternate between sitting and standing at 30-minute intervals; no repetitive use of foot controls; no work on uneven surfaces; no duties that require maintaining concentration on a single task for longer than 15 minutes at a time; only low-stress duties involving no

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

        production quotas or contact with the general public; simple, one-or two-step tasks (requiring little, if any, concentration); limited contact with co-workers and supervisors; and no teamwork.

5. The claimant is unable to perform [her] past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1975. At age 37, she is classified as a "younger individual" for Social Security purposes (20 CFR 416.963).

7. The claimant has a high school education (20 CFR 416.964).

8. The claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 416.968).

9. Considering her age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been disabled, as defined in the Social Security Act, since January 19, 2011, the date the application was filed (20 CFR 416.920(g)).

PageID 66-79.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 53-55. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    B.    **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 66-72. Plaintiff, in her Statement of Errors, extensively summarizes the record evidence. Doc. 8 at PageID 869-80. The Commissioner's response to the Statement of Errors offers no objections to Plaintiff's summary of relevant facts. *See* doc. 12. Accordingly, except as otherwise noted in this Decision and Entry, the undersigned incorporates the ALJ's

3

recitation of the evidence as well as Plaintiff's summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under

5

the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues the ALJ erred in failing to: (1) properly weigh the opinion of her treating physician, Ugo Nwokoro, M.D.; and (2) find that her impairments meet or equal Listing § 12.05(C) for Mental Retardation at Step Three of the sequential benefits analysis. Doc. 8 at PageID 882-86. In addition, Plaintiff argues that her case should be remanded for consideration of an opinion from her treating psychiatrist, Ellen Ballarene, M.D. -- offered after the administrative hearing and submitted to the Appeals Council -- which the Court construes as a request for a Sentence Six remand. *Id.* at PageID 881.

**A.     Sentence Six Remand**

Initially, the Court addresses the issue of remand pursuant to Sentence Six of 42 U.S.C. § 405(g). Dr. Ballarene completed a mental health questionnaire and interrogatories on December 6, 2012 -- *i.e.,* one day after the December 5, 2012 administrative hearing. PageID 851-63. Plaintiff's counsel received such evidence from Dr. Ballarene on December 18, 2012, the same day the ALJ issued his non-disability decision. *Id.*; PageID 79; doc. 8 at PageID 881. Plaintiff argues that the case should be remanded for consideration of Dr. Ballarene's opinion because she "should not be penalized for the haste in which the ALJ issued his decision and the slowness with which Dr. Ballarene submitted her responses." Doc. 8 at PageID 881.

"To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted). "In order to prove 'good cause,' a claimant must 'demonstrat[e] a reasonable

justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.'" *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012) (citations omitted). "This includes detailing the obstacles that prevented the admission of the evidence." *Id.* "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Id.*

Plaintiff has not satisfied her burden of demonstrating good cause for failing to submit Dr. Ballarene's opinion to the ALJ. She does not present any reasonable justification for her failure to acquire such evidence prior to the December 2012 administrative hearing, despite treating with Dr. Ballarene since November 2011. *See id.*; PageID 851. Further, while Plaintiff faults the ALJ for issuing his decision only thirteen days after the administrative hearing, she admits that she did not request that he leave the record open to allow for the submission of additional evidence or mention that Dr. Ballarene's opinion was outstanding. Doc. 8 at PageID 881. Accordingly, because Plaintiff cannot meet the "good cause" standard, the undersigned denies her request for a Sentence Six remand. *See Courter,* 479 F. App'x at 725; *see also Perkins v. Apfel,* 14 F. App'x 593, 598–99 (6th Cir. 2001) (holding the plaintiff had failed to establish "good cause" when he had not asked the ALJ for additional time to submit a medical report or to subpoena the treating doctor).

Nevertheless, because the undersigned finds that this case should be remanded for further proceedings pursuant to Sentence Four, *see infra*, the ALJ shall consider Dr. Ballarene's December 6, 2012 opinion, and weigh it under the applicable regulations, on remand. *See Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) (holding that an ALJ may consider new evidence in a Sentence Four remand).

### B. Treating Physician

Next, Plaintiff claims that the ALJ erred in rejecting the opinion of her treating physician, Dr. Nwokoro, regarding limitations related to her mental impairments. Doc. 8 at PageID 882-84. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.9227(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the

8

treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).[3]  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

9

Dr. Nwokoro treated Plaintiff for her physical and mental impairments[4] since January 2008. PageID 695-96. In July 2012, he opined, *inter alia*, that she has "marked"[5] limitations in activities of daily living and in maintaining social functioning; and "extreme" limitations with regard to maintaining concentration, persistence, or pace. PageID 703-04. The ALJ declined to give Dr. Nwokoro's opinion "controlling, or even deferential, weight" because:

> Such conclusion is neither well-supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other convincing evidence in the case record. Dr. Nwokoro, an internist, presented a very pessimistic assessment of the claimant's mental functioning capabilities, which is not consistent with the reports and findings of recognized mental health professionals. Dr. Nwokoro is not a psychiatrist. If he diagnosed and treated mental symptoms, it was only tangentially. As an internist, his primary focus was on the claimant's physical condition. The reports of treating, examining, and reviewing mental health professionals are entitled to greater weight with respect to this aspect of the claimant's functional capacity because Dr. Nwokoro is not a recognized mental health professional. While Dr. Nwokoro rated the claimant's mental functioning capabilities as "markedly" or even "extremely" impaired, all other sources reported no worse than "moderate" limitation.

PageID 70. In other words, the ALJ rejected Dr. Nwokoro's opinion because: (1) he is not a mental health specialist; and (2) his opinion is inconsistent with that of other medical sources. *See id.* However, such reasons are insufficient to justify denying Dr. Nwokoro's opinion controlling weight.

First, a medical source's specialization is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight[,]" *i.e.*, at the second step of the treating physician analysis. *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-cv-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *cf. Gayheart v. Comm'r of Soc. Sec.*, 710

---

[4] Specifically, Dr. Nwokoro stated that he treated Plaintiff for conditions including severe asthma; osteoarthritis/degenerative joint disease of multiple sites; morbid obesity; anxiety-depression disorder; Type 2 diabetes mellitus; hypertension; and insomnia. PageID 696.

[5] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

F.3d 365, 376 (6th Cir. 2013); *see also* 20 C.F.R. § 416.927(c). Moreover, as a treating internist,[6] Dr. Nwokoro was authorized to opine as to Plaintiff's mental status. *See Mason v. Comm'r of Soc. Sec.*, No. 1:07-cv-51, 2008 WL 1733181, at *14 n.5 (S.D. Ohio Apr. 14, 2008); *Wert v. Comm'r of Soc. Sec.*, No. 3:15-cv-83, 2016 WL 463343, at *7 (S.D. Ohio Feb. 8, 2016) *Report and Recommendation adopted* 2016 WL 828143 (S.D. Ohio Feb. 26, 2016).

Second, while the ALJ found Dr. Nwokoro's opinion not "consistent with other convincing evidence in the case record[,]" the only inconsistent evidence identified by the ALJ are medical source opinions of consultative examiners and record-reviewers.[7] *See* PageID 70. As noted by the Sixth Circuit, such evidence is insufficient to justify not affording controlling weight to a treater. *Gayheart*, 710 F.3d at 377. As noted by the Court in *Gayheart*:

> Surely the conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulation's presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with nontreating, nonexamining sources.

*Id.* Such reasoning is applicable even when the non-treating source -- whose opinion the ALJ identifies as conflicting substantial evidence -- is a specialist in the relevant field. *See Roberts v. Comm'r of Soc. Sec.,* 14 F. Supp. 3d 968, 980 (S.D. Ohio 2014) (remanding when the ALJ

---

[6] As the Ninth Circuit has noted, "[w]hile the medical profession has standards which purport to restrict the practice of psychiatry to physicians who have completed residency training programs in psychiatry . . . it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citations omitted).

[7] Dr. Nwokoro is the only treating source to opine on Plaintiff's mental limitations -- with the exception of Dr. Ballarene, discussed *supra*, whose opinion was not in the record before the ALJ. *See* PageID 67-71.

11

rejected a treater's opinion due to its inconsistency with an opinion of a record-reviewing orthopedic specialist).

Accordingly, because the ALJ's analysis of Dr. Nwokoro's opinion violates the treating physician rule, the ALJ's non-disability finding is reversed.

### C. Listing § 12.05(C)

Finding remand warranted based on the ALJ's analysis of Dr. Nwokoro's opinion, *see supra*, the undersigned makes no finding regarding Plaintiff's final assignment of error. On remand, the ALJ shall reassess whether Plaintiff's mental impairments, singly or in combination, meet or equal Listing § 12.05(C).

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order an award of benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Id.*

Here, evidence of disability is not overwhelming in light of conflicting medical source opinions. *See* PageID 67-68. Accordingly, the undersigned concludes that remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence, including Dr. Ballarene's December 2012 opinion; conduct a thorough Listings analysis; and determine Plaintiff's RFC and disability status anew.

**V.**

For the foregoing reasons,

1. The Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**;

2. Plaintiff's request for a Sentence Six Remand is **DENIED**;

3. This matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion;

4. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date:  March 28, 2016            *s/ Michael J. Newman*
                                 Michael J. Newman
                                 United States Magistrate Judge